IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION



| | |
|---|---|
| WAYNE A. HUSSAR II,<br><br>Petitioner,<br><br>vs.<br><br>KEITH STRONG,<br><br>Respondent. | Cause No. CV 12-112-M-DLC<br><br><br>ORDER DISMISSING PETITION<br>AND DENYING CERTIFICATE<br>OF APPEALABILITY |

On June 27, 2012, Petitioner Wayne Hussar moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Hussar is a state prisoner proceeding pro se.

Hussar's petition is frivolous. He complains of the recommendations of United States Magistrate Judge Keith Strong in *Hussar v. Touchette, et al.*, No. CV 11-11-H-DWM-RKS (D. Mont. judgment entered May 6, 2011), a civil rights action under 42 U.S.C. § 1983. He has also filed a previous habeas action, *see Hussar v. Mahoney*, No. CV 11-7-H-DWM-RKS (D. Mont. judgment entered Apr. 18, 2011), concerning the same allegations that underlay his § 1983 Complaint and the petition currently at

1

hand. In both of those cases, Judge Strong's recommendations were reviewed and adopted by Judge Molloy. In neither of those previous cases did Hussar file a notice of appeal.[1] He may not challenge the decisions in those cases by filing yet another action.

Hussar's petition seeks a second review of Judge Strong's recommendations. He does not allege that his custody on revocation of his probation is unconstitutional or otherwise in violation of federal law. Therefore, he fails to state a claim under 28 U.S.C. § 2254(a). Amendment would be futile. 28 U.S.C. § 2244(b), (c). This action is dismissed. A certificate of appealability is denied because the petition fails to make a substantial showing that Hussar was deprived of a constitutional right. 28 U.S.C. § 2253(c).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Hussar's motion to proceed in forma pauperis (doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Hussar's petition (doc. 1) is DISMISSED as frivolous.

3. A certificate of appealability is DENIED.

4. The Clerk of Court shall, by separate document, enter a judgment of

---

[1] A court may take judicial notice of its own records. *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

dismissal.

5. Other than a notice of appeal, Hussar may not file any further documents in this case. No motions for reconsideration, amendment, or of any other kind will be entertained. They will be stricken if filed.

DATED this 9th day of July, 2012.

/s/ Dana L. Christensen
Dana L. Christensen
United States District Judge